UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARIO BUSCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:09-CV-1514-CEJ |
| ) | |
| AMY KINKER, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Dario Busch for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action under numerous federal criminal statutes. Defendants are judges, prosecutors, police officers, and other governmental officials. Plaintiff summarily alleges that defendants "are engaged in a well crafted secret criminal conspiracy," and he seeks to have defendants disbarred, fined, and imprisoned. In addition, he seeks monetary relief in the sum of $250,000,000 from each defendant.

**Discussion**

To the extent that plaintiff is requesting this Court to initiate federal charges against defendants, the complaint is legally frivolous. Initiation of a federal criminal prosecution is within the discretionary authority of the executive branch of government, and is not subject to judicial compulsion. See Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

Even if plaintiff were bringing this action pursuant to a civil statute, the complaint would be dismissed for failure to state a claim upon which relief can be granted. The allegations in the complaint are wholly conclusory and fail to state any facts that would give rise to a plausible claim for relief.

For these reasons, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE